The NEW YORK, NEW HAVEN and HARTFORD RAILROAD COMPANY, Plaintiff,

v.

UNITED STATES of America, Defendant and Third-party Plaintiff,

McALLISTER BROTHERS, Inc., Third-party Defendant.

United States District Court
S. D. New York.
Feb. 7, 1958.

Robert M. Peet, New York City, for plaintiff.

Paul W. Williams, U. S. Atty., for the Southern Dist. of New York, New York City, for defendant and third-party plaintiff, Ruth K. Bailey, Admiralty & Shipping Section, Dept. of Justice, New York City, of counsel.

Purdy, Lamb & Catoggio, New York City, for third-party defendant.

DAWSON, District Judge.

This is a motion by the third-party defendant to dismiss the third-party complaint upon the ground that the third-party complaint fails to state a claim upon which relief can be granted pursuant to Rule 14 of the Rules of Civil Procedure, 28 U.S.C.A., in that the third-party complaint does not set forth a claim upon which the third-party defendant is or may be liable to the third-party plaintiff for all or part of plaintiff's claim herein against the third-party plaintiff.

The complaint seeks recovery by the plaintiff from the United States for freight transportation charges. The defendant denied the indebtedness and alleged as a counterclaim that plaintiff was liable for the collision damage sustained by defendant's vessel when struck by plaintiff's moving vessel on December 3, 1946. The reply of plaintiff to defendant's counterclaim alleges that its tug was caused to collide with defendant's vessel by reason of the negligent operation of a tanker owned by McAllister Brothers, Inc., the third-party defendant. Defendant thereupon filed a third-party complaint to implead McAllister Brothers, Inc. as an additional party necessary to the disposition of all pending issues.

Rule 14(b) of the Rules of Civil Procedure provides:

"When a counterclaim is asserted against a plaintiff, he may cause a third party to be brought in under circumstances which under this rule would entitle a defendant to do so."

Under subdivision (a) of the rule a defendant might cause a third party to be brought in when the third party "is or may be liable to him for all or part of the plaintiff's claim against him."

▬ Third-party defendant urges that in this case it could not be liable for any part of the plaintiff's claim against the United States, since that claim is one for freight charges. However, this rule should not be construed to mean that when a counterclaim is asserted by a defendant against a plaintiff the plaintiff may only bring in a third-party defendant in circumstances where the third party would be liable for part of the original claim asserted in the complaint, for to do so would make subdivision (b) of the rule inadequate and meaningless. The rule is an expression of the modern liberal tendency to provide for the effective settlement at one time of all disputes of which parts are already before the court. Lesnik v. Public Industrials Corp., 2 Cir., 1944, 144 F.2d 968. See also United Artists Corp. v. Masterpiece Productions, 2 Cir., 1955, 221 F.2d 213, 217.

▬▬ If there is to be a final disposition of the issues of this action it is preferable that the third-party defendant be a party to the action. Additional parties can be brought in when their presence is required for the granting of complete relief in the determination of a counterclaim. Fed.R.Civ.P. 13(h). To grant the present motion would simply mean that an application could be made under the latter rule and the third-party defendant brought in under that rule. It is unnecessary to embark upon this circuity of procedural motions.

The motion to dismiss the third-party complaint is denied. So ordered.